UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGEL ORTIZ | : | |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:17-cv-167 (VLB) |
| | : | |
| SCOTT SEMPLE | : | June 22, 2017 |
|     Respondent. | : | |

## MEMORANDUM OF DECISION GRANTING RESPONDENT'S MOTION TO STAY

Petitioner Angel Ortiz ("Ortiz" or "Petitioner") brings this habeas corpus action against Commissioner of Correction Scott Semple ("Respondent") under 28 U.S.C. 2254, alleging actual innocence and ineffective assistance of counsel. On April 27, 2017, Respondent filed a Motion to Stay or Dismiss the petition because it is a "mixed petition" containing both exhausted and unexhausted claims. Because Petitioner's actual innocence claim cannot survive as a freestanding claim, Petitioner's ineffective assistance claims are unexhausted, and the statute of limitations would now bar Petitioner from reasserting his claims timely in federal court after exhausting his administrative remedies, Respondent moves the Court to stay Petitioner's case pending exhaustion of his state court remedies. In the alternative, respondent moves for dismissal. For the foregoing reasons, Respondent's Motion to Stay is GRANTED.

I.     Background

On November 28, 1995, Petitioner was arraigned for crimes relating to the kidnapping, robbery, and murder of two individuals. [Dkt. 10-2 (Record on Direct

1

Appeal) at 7[1].] Petitioner pleaded not guilty and was represented from October 5, 1995 through trial and sentencing by Special Public Defender Michael Graham (now deceased). [Dkt. 10-10 (Record of First State Habeas Appeal) at 6.] After a jury trial, Petitioner and his co-defendant Julio Diaz-Marrero were found guilty of multiple capital felonies, murder, felony murder, conspiracy to commit murder, kidnapping, and robbery, kidnapping in the first degree, and robbery in the first degree. [Dkt. 10-1 (*State v. Ortiz*, 252 Conn. 533, 536-37 (2000).] The trial court sentenced Petitioner to a total effective sentence of life imprisonment without the possibility of release plus forty years' imprisonment. *Id*.

Assistant Public Defender Pamela Nagy represented Petitioner on direct appeal to the Connecticut Supreme Court. [Dkt. 10-3 at 70.] Petitioner and his co-defendant both argued on appeal that the trial court improperly (1) refused to grant them a new probable cause hearing despite the state's failure to disclose in a timely manner certain exculpatory evidence; (2) refused to suppress the photographic identification of Diaz-Marrero on the ground that it was overly suggestive; (3) deprived the defendants of their right to confront witnesses by refusing to conduct an in camera review of psychiatric records of the individual who identified Diaz-Marrero's photograph; (4) rendered judgments of conviction on three counts of conspiracy and sentenced the defendants separately for each conviction, thereby violating the constitutional prohibition against double jeopardy; and (5) refused to instruct the jury regarding the credibility of an alleged witness. *State v. Ortiz*, 252 Conn. at 541-42. In addition, Petitioner asserted (1) that the trial court

---

[1] References to page numbers refer to pagination provided by the Electronic Court Filing System, as some documents do not provide their own pagination.

improperly refused to allow him to present evidence of a third party's culpability; (2) that he was denied his right to a speedy trial; (3) that the trial court improperly refused to grant him a new trial on the basis that the evidence presented was clearly insufficient to warrant a jury verdict of guilty; and (4) that the trial court provided the jury with an improper instruction on the presumption of innocence and reasonable doubt, thereby tainting the verdict.  *Id*. at 542.  The court affirmed the judgments of conviction "on all counts except for [the] three conspiracy counts which [it] reverse[d] and remand[ed] to the trial court with direction to combine the three conspiracy convictions and to vacate the sentences for two of the conspiracy convictions."  *Id*. at 542.

      On May 17, 2000, Petitioner filed a habeas corpus petition in Connecticut Superior Court.  Record of First State Habeas Appeal at 4.  On March 22, 2002, appointed counsel filed an amended habeas petition alleging ineffective assistance of trial counsel for (1) failure to provide notice of Petitioner's alibi as required in Connecticut; (2) failure to attempt to establish cause for late notice of Petitioner's alibi; (3) failure to provide proper foundation for the trial court to review the mental health records of the witness who provided photographic identification of Petitioner's co-defendant; and (4) failure to subpoena records from the Social Security Administration pertaining to that witness for impeachment purposes.  *Id*. at 6-10.  Petitioner did not argue his counsel was ineffective for failing to have Petitioner testify at his trial.  *Id*.  On February 27, 2004, the Connecticut Superior Court issued a written memorandum of decision finding Petitioner's trial counsel was not deficient and even if he had been

deficient, Petitioner was not prejudiced. [Dkt. 10-8 (*Ortiz v. Warden*, No. CV000598893S, 2004 WL 503961 (Conn. Super. Ct. Feb. 27, 2004).]

Petitioner appealed as to only one of the ineffective assistance claims he raised with the Superior Court: that his trial counsel improperly failed to "make a showing that the mental condition of a state's witness had affected her testimonial capacity sufficient to warrant an in camera review of the witness' medical records." [Dkt. 10-9 (*Ortiz v. Commissioner of Correction,* 91 Conn. App. 484, 485 (2005).] The Connecticut Appellate Court upheld the Superior Court's habeas decision, finding "nothing in the record, either from the testimony of [the witness] at the criminal trial or . . . at the habeas trial that suggests that [the witness's] testimonial capacity was impaired by a condition that would have been revealed in her medical records." *Id.* at 491.

Petitioner next sought discretionary review of his habeas petition by the Connecticut Supreme Court, framing the issues as (1) whether the Appellate Court erred in holding the Petitioner failed to prove that he received deficient representation by his trial counsel, and (2) what threshold a criminal defendant must meet to trigger in camera review of a witness's confidential mental health records to ensure a fair balance of the witness's right to privacy and the defendant's right to probative impeachment material. [Dkt. 10-14 (Petition for Certification) at 2.] The Connecticut Supreme Court declined certification.

On June 9, 2006, Petitioner filed a federal habeas petition in the District of Connecticut under 28 U.S.C. § 2254. [*See* Dkt. 10-16 (*Ortiz v. Martin*, 3:06-cv-895, 2009 WL 179785 (Jan. 26, 2009 (Droney, J.).] On January 26, 2009, Judge Droney dismissed the petition without prejudice for failure to exhaust state court remedies.

*Id.* The Court specifically noted Petitioner's failure to present an alibi defense on appeal of the denial of the state habeas petition. *Id.* at *2.

It appears Petitioner filed a new habeas petition with the Connecticut Superior Court on March 27, 2006, while his federal petition was pending. [Dkt. 10-20 at 6.] The Superior Court petition was inactive from July 2006 through March 26, 2009, when the Superior Court issued a Scheduling Order. *Id.* In August 2012, Special Public Defender Theodore Koch III filed a one-count amended habeas petition claiming actual innocence, asserting that he was not present at the crime scene. [*Id.*; Dkt. 10-18 (*Ortiz v. Comm'r of Corr.*, 166 Conn. App. 635 (2016) (stating grounds for amended petition).] The Superior Court held a trial on the amended petition, at which Petitioner testified that he did not participate in the crimes of his conviction and was not present for their commission. [Dkt. 10-28 (Transcript of Habeas Trial) at 14-15, 94-95.] Petitioner's co-defendant testified that he committed the offenses for which both parties were convicted but that Petitioner was neither present nor involved. *Id.* at 14-15, 39-40. However, Petitioner's co-defendant's trial counsel testified that their client told them he had nothing to do with the crimes and did not know Petitioner. *Id.* at 64, 76. The Connecticut Superior Court denied Petitioner's actual innocence claim, finding Petitioner's co-defendant had questionable credibility and noting his testimony was not corroborated by physical evidence or other witness testimony. [Dkt. 10-17 (*Ortiz v. Warden*, No. CV064001027S, 2014 WL 5356463, at *13-15 (Conn. Super. Ct. Sept. 17, 2014).] The Court also ascribed little weight to Petitioner's testimony regarding his own innocence, stating he had no corroboration for his alibi because his alibi (his wife) was deceased and her testimony was stricken at the criminal trial without an opportunity for cross examination. *Id.* at *11.

5

Petitioner appealed the Superior Court's actual innocence decision to the Connecticut Appellate Court. [Dkt. 10-18 (*Ortiz v. Comm'r of Corr.*, 166 Conn. App. 635 (2016).] On July 5, 2016, the Connecticut Appellate Court affirmed the Superior Court's judgment. *Id.* On July 25, 2016, Petitioner sought certification to the Connecticut Supreme Court, framing the issue as whether the Appellate Court properly affirmed the Superior Court's finding that Petitioner did not prove he is actually innocence under applicable law. [Dkt. 10-23 (Petition for Certification) at 2.] On September 13, 2016, the Connecticut Supreme Court denied the petition for certification without comment. [Dkt. 10-25.]

Thereafter, Petitioner initiated the instant federal habeas petition on February 6, 2017. [Dkt. 1.] Petitioner claims (1) actual innocence based on his co-defendant's testimony and the testimony of his co-defendant's counsel, and (2) ineffective assistance of counsel based on (a) failure to timely submit notice of an alibi, (b) failure to have Petitioner testify at his criminal trial, (c) failure to impeach "crucial prosecution witnesses," and (d) failure to present exculpatory evidence. *Id.*

II.     **Statement of Law**

As ably stated in Judge Droney's Ruling on Petitioner's First Petition for Writ of Habeas Corpus (2009 WL 179785), a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boercke,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *See O'Sullivan,* 526 U.S. at 845. The Second Circuit requires the petitioner to present "the essential factual and legal premises

6

of his federal constitutional claim to the highest state court capable of reviewing it" before seeking federal review. *Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir. 2003). In other words, "[t]he claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane,* 329 F.3d 290, 295 (2d Cir. 2003). The petitioner must also have "utilized all available mechanisms to secure appellate review of the denial of that claim." *Lloyd v. Walker,* 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing *Wilson v. Harris,* 595 F.2d 101, 102 (2d Cir. l979)).

### III. Analysis

Respondent challenges Petitioner's ineffective assistance of counsel claims for failure to exhaust and challenges his actual innocence claim as not viable on its own. The Court discusses each argument in turn.

#### a. Ineffective Assistance

Respondent is correct that only one of Petitioner's four ineffective assistance claims is exhausted: that Petitioner's trial attorney failed to show that the mental condition of the state's witness (who provided photo identification of the co-defendant) affected her testimonial capacity sufficient to warrant an in camera review of the witness's medical records. *See Ortiz v. Comm'r of Corr.*, 91 Conn. App. at 485; Dkt. 10-14 (Petition for Certification) at 2. To the extent Plaintiff intended to dispute impeachment efforts regarding additional witnesses by asserting trial counsel failed to impeach "crucial prosecution witness<u>es</u>," those claims are not exhausted. Petitioner has not asserted failure to properly impeach any other witnesses in his two state habeas petitions.

Petitioner's second ineffective assistance claim, that his trial counsel failed to timely submit notice of an alibi, is not exhausted. While he did raise that claim in his first state habeas petition (Dkt. 10-10 at 3-7), Petitioner declined to pursue this claim on appeal and instead appealed only his claim regarding the state witness's medical records. *Ortiz v. Comm'r of Corr.*, 91 Conn. App. at 488 n.2 (stating "petitioner raised additional claims alleging ineffective assistance of counsel, which were addressed by the court. The court's determination of those claims has not been challenged on appeal").

Petitioner's third ineffective assistance claim, that trial counsel was ineffective for failing to have Petitioner testify at his criminal trial, also is not exhausted. Petitioner did not raise such a claim in either state habeas proceeding. Rather, Petitioner's counsel explicitly stipulated at his first state habeas trial that he was *not* pursuing a claim for failure to elicit Petitioner's testimony. [Dkt. 10-29 (Transcript of 10/22/03 Habeas Proceeding) at 107 ("We're not claiming in this case that there was ineffective assistance of counsel, as far as not offering Mr. Ortiz [as a witness].").]

Lastly, Petitioner's fourth ineffective assistance claim asserts failure to present "exculpatory" evidence. Petitioner does not state with particularity what exculpatory evidence should have been presented. However, the only ineffective assistance claim which Petitioner has exhausted is the claim that trial counsel failed to impeach one particular witness through reference to her medical records. Such records would not exculpatory, and thus the Court deems this to be a claim predicated on some other facts. . Whatever exculpatory evidence

Petitioner now asserts was not raised at his criminal trial does not constitute an exhausted claim.

Three out of Petitioner's four ineffective assistance claims are not administratively exhausted. However, Connecticut law affords Petitioner an opportunity to exhaust those claims through a state habeas petition alleging ineffective assistance of habeas counsel for failure to raise his non-exhausted claims. *Lozada v. Warden*, 223 Conn. 834, 838-39 (1992) (holding a habeas petitioner may achieve a new trial by asserting ineffective assistance of both trial counsel and former habeas counsel in a new habeas petition, based on Conn. Gen. Stat. § 51-296, which grants a right to counsel for an indigent person in any habeas proceeding, and the notion that appointed counsel "must be effective and competent"). Because Petitioner has this avenue to exhaustion, his unexhausted ineffective assistance claims are not procedurally barred. Petitioner's unexhausted ineffective assistance claims are accordingly dismissed and Petitioner's one exhausted ineffective assistance claim will be stayed for reasons set forth in part C below.

    b. <u>Actual Innocence</u>

Petitioner also raises actual innocence, which he pursued to exhaustion in his second state habeas petition. *Ortiz v. Warden*, No. CV064001027S, 2014 WL 5356463, at *13-15 (Conn. Super. Ct. Sept. 17, 2014) (raising actual innocence); *see also Ortiz v. Comm'r of Corr.*, 166 Conn. App. 635 (2016) (affirming Superior Court findings on actual innocence); *Ortiz v. Comm'r of Corr.*, 323 Conn. 906 (2016) (declining to certify question regarding actual innocence claim). However,

9

**Respondent asserts Petitioner may not pursue actual innocence as a freestanding habeas claim without his ineffective assistance claims.**

It is clear that an actual innocence claim is a "gateway" through which a habeas petitioner may have "otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The threshold requirement for an actual-innocence gateway plea is showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928. However, Respondent is correct that the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence," absent a procedural violation. *McQuiggin*, 133 S. Ct. at 1931; *see also Williams v. Penn.*, 136 S. Ct. 1899, 1921 (2016) (Thomas, J. dissenting) (affirming as of June 9, 2016 the Supreme Court has not "held that [a petitioner] has a right to demand that his postconviction court consider a freestanding claim of actual innocence").

The Supreme Court has suggested that an actual freestanding innocence claim could conceivably be sustainable; however "the threshold for any hypothetical freestanding innocence claim [would be] extraordinarily high." *House v. Bell*, 547 U.S. 518, 555 (2006). The Second Circuit, citing *Bell*, recently suggested that a freestanding actual innocence claim may be valid if it meets the threshold standard set forth in *McQuiggin*. *Russo v. U.S.*, 16-2188-cr, 2017 WL 2458912, at *1 (2d Cir. June 7, 2017) (summary order) ("Russo has not stated a valid freestanding innocence claim, as he has failed to satisfy even the most

lenient actual innocence standard, which requires a movant to demonstrate that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"). Absent a clear directive, the District of Connecticut has declined to allow freestanding actual innocence habeas petitions. *See, e.g., U.S. v. Brown*, 2014 WL 3738062, at *5 (D. Conn. July 30, 2014) ("A federal habeas petitioner does not qualify for habeas relief solely on a showing of actual innocence.").

The current state of the law weighs decidedly against recognizing a free standing actual innocence claim. *See generally Herrera*, 506 U.S. at 404; *McQuiggin*, 133 S. Ct. at 1931; *Bell*, 547 U.S. at 555. The Court accordingly declines to allow Petitioner's actual innocence claim to proceed as a freestanding actual innocence claim, but will rather stay Petitioner's actual innocence claim to be heard with Petitioner's ineffective assistance of counsel claims upon exhaustion.

### c. Whether to Dismiss or Stay Exhausted Claims

Respondent does not dispute that Petitioner's current federal habeas petition was timely filed given tolling of the limitations period during the pendency of state habeas petitions. [Dkt. 10 at 27-28; *see also* 28 U.S.C. § 2244(d)(l) (setting a one-year limitations period for filing a federal petition for writ of habeas corpus challenging a state conviction, which commences when the conviction becomes final and may be tolled by a properly filed application for state post-conviction relief ).] However, Respondent notes that the limitations period has now run and would bar Petitioner from raising his claims again in

federal court if the Court were to dismiss this case in its entirety pending exhaustion of all claims. Accordingly, Respondent asserts Petitioner's exhausted claims should be stayed pending exhaustion of Petitioner's unexhausted claims.

In habeas petitions involving both exhausted and unexhausted claims ("mixed petitions"), the Second Circuit has cautioned courts against dismissing the entire petition where doing so would preclude the petitioner from having all of his claims addressed by the court. *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001). Instead of outright dismissal, the Second Circuit has held it is appropriate to dismiss unexhausted claims and "exercise discretion either to stay further proceedings on the remaining portion of the petition or . . . dismiss the petition in its entirety." *Id*. at 380. A stay is appropriate where there is little enough time left in the statute of limitations that dismissal would "jeopardize the timeliness of a collateral attack." *Id*. at 382. The Supreme Court has also espoused support for staying exhausted claims pending exhaustion of other claims. *See Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment) ("There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").

The Second Circuit has counseled that where a district court stays exhausted claims it should do so on condition that the petitioner initiate habeas proceedings for the dismissed, unexhausted claims within a limited period, "normally 30 days," and return to the district court within 30 days of completing exhaustion. *Zarvela*, 254 F.3d at 381. If either condition of the stay is not met, the

Second Circuit counseled the district court to warn the petitioner that "the federal stay may be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 381.

The limitations period for Petitioner's claims expired on April 20, 2017. If the Court were to dismiss the mixed petition in its entirety, Petitioner would be barred from raising his claims again in federal court upon exhaustion at the state level. This is precisely the outcome the Second Circuit counseled district courts to avoid in *Zarvela*. Accordingly, the Court will not dismiss Petitioner's mixed petition in its entirely, but rather will stay Petitioner's exhausted claims.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Stay for failure to exhaust administrative remedies is GRANTED. Petitioner's three unexhausted claims for ineffective assistance of counsel are DISMISSED and Petitioner's remaining ineffective assistance claim regarding impeachment of the witness who provided photo identification of the co-defendant, as well as Petitioner's actual innocence claim, are STAYED pending exhaustion of his dismissed claims. Petitioner is ordered to initiate state habeas proceedings for the three dismissed ineffective assistance claims within **90 days of the date of this Order**.[2]

---

[2] The Court grants Petitioner longer than the Second Circuit recommended in *Zarvela*, 254 F.3d at 381 to initiate his state habeas petition in view of Petitioner's counsel's prima facie conflict of interest in a future state habeas proceeding. W. Theodore Koch III has moved to represent Petitioner in this federal habeas proceeding and also represented Petitioner in his second state habeas proceeding. Petitioner will have to assert Mr. Koch's assistance at his second state habeas proceeding was ineffective in order to exhaust his claims, and accordingly Mr. Koch has a prima facie conflict of interest preventing him from representing Petitioner in a renewed state habeas petition. The Court grants

13

**Petitioner is also ordered to return to federal court within <u>30 days of the resolution of state habeas proceedings on his unexhausted claims</u>.** If either condition of the stay is not met, this Court's stay of Petitioner's actual innocence and exhausted ineffective assistance claims may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed. The Clerk is directed to close this case pending Petitioner's return to federal court after exhausting his dismissed claims.

                                              IT IS SO ORDERED.

                                              _____/s/_____

                                              Hon. Vanessa L. Bryant
                                              United States District Judge

**Dated at Hartford, Connecticut: June 22, 2017**

---

**Petitioner 90 days, rather than the recommended 30, to initiate a state habeas petition on his own and seek appointment of other counsel.**